# EXHIBIT L

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

HECTOR KERR,                                )
                                            )
    Plaintiff,                              )
                                            )        Civil Action File No.:  2019CV02291
vs.                                         )
                                            )
SOUTHWEST AIRLINES CO.; JOHN DOE 1;         )
and ABC CORPORATION 1,                      )        **JURY TRIAL DEMANDED**
                                            )
    Defendants.                             )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS

    **COMES NOW** Plaintiff and serves upon each Defendant Plaintiff's First Continuing

Interrogatories to be answered under oath and within forty-five (45) days from service hereof in

accordance with O.C.G.A. § 9-11-33.

    These Interrogatories shall be deemed continuing so as to require supplemental answers if

you or your attorneys obtain further information between the time the answers are served and the

time of trial.  Any supplemental answers are to be filed and served upon counsel for Plaintiffs

within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

    When used in these Interrogatories, the term "Defendant," or any synonym thereof, is

intended to and shall embrace servants, representatives, private investigators, and others who are

in a position of or may have obtained information for or on behalf of Defendant.  As used in

these Interrogatories, the following words and phrases have the meanings set forth below.

    (1)  "You" and "your" means and refers to the Defendant to whom these interrogatories

are directed, and includes your agents, employees, insurance company and their agents and

employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2)   The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3)   "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4)   "Identify" means the following:

(a)      When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b)      When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c)      When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(d)     When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the full and correct legal name, current physical residential address, current physical work address, date of birth, social security number, phone numbers and e-mail addresses of Defendant John Doe 1 who operated the subject tug on the date of the incident described in the Complaint.

2.

Identify the entity, entities, person and/or persons responding to this discovery, plus all individuals who have provided assistance in responding to Plaintiff's First Interrogatories and Request for Production.

3.

If you contend that Plaintiff has brought this action against the wrong entity due to a misnomer or for any other reason, or if you think that there are other persons or entities who may be liable or who would or may otherwise be proper Defendants that may need to be added to this case, please state the complete legal names and addresses of the correct or additional possible defendant(s) and the reasons for such contentions.  Please further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in your response.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any

policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a) Were eyewitnesses to the incident that gives rise to this lawsuit, or arrived at the scene of the occurrence complained of in this action shortly after its occurrence, or assisted Plaintiff after his injury; and/or,

(b) Have relevant knowledge concerning the incident that gives rise to this lawsuit or any issue of liability, injuries or damages in connection with this lawsuit.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, videos, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint, including the operation of the subject tugs prior to, at the time of, or subsequent to the collision described in the Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and all opinions they will proffer at trial.

10.

Identify each person employed by Defendant, including independent contractors, who were working at the subject location on the date of the incident described in the Complaint, if such person has knowledge of the incident or witnessed the incident.

11.

To your information or belief, has there been any surveillance, photographs or videos of the subject event, subject tugs, location of the subject event, or *any* party?  If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of such surveillance, photographs or video.

12.

Which employees listed in response to Interrogatory No. 5 above are still employees of the Defendant?

13.

Please state the substance of any and all conversations the Defendants, its employees, and/or its insurer's employees have had with the Plaintiff on April 15, 2018 or anytime up to present.

14.

If you contend that the Plaintiff was negligent or committed any act or omission which you contend caused, contributed to or brought about the incident underlying this lawsuit, please state the facts upon which such allegation is based, the names and addresses of all individuals who support your contention, and the legal basis, if any, upon which said contention is based.

15.

Please state in detail how you contend the incident complained of in this action happened.

16.

Please describe the employment or agency relationship with the John Doe 1 Defendant and Southwest Airlines Co. and/or John Doe 2, and state their employment duties.

This 2nd day of December, 2019.

MORGAN & MORGAN ATLANTA, PLLC

*/s/ Christopher J. Graddock*

CHRISTOPHER J. GRADDOCK
CGraddock@ForThePeople.com
Georgia State Bar No.: 304020
KEENAN R.S. NIX
KNix@ForThePeople.com
Georgia State Bar No.: 544855
Post Office Box 57007
Atlanta, GA 30343-1007
404-965-8811 (Telephone)
404-965-8812 (Fax)

*Attorneys for Plaintiff*