# EXHIBIT M

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HECTOR KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: 2019CV02291 |
| vs. | ) | |
| | ) | |
| SOUTHWEST AIRLINES CO.; JOHN DOE 1; | ) | |
| and ABC CORPORATION 1, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANTS**

**COMES NOW** Plaintiff and hereby request that each Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within forty-five (45) days from the date of service hereof at the Law Firm of Morgan & Morgan, P.O. Box 57007, Atlanta, GA 30343-1007 or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within forty-five (45) days from the date of service hereof.

**DEFINITIONS**

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession,

control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2.  "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3.  If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4.  The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the scene of the incident, the subject incident, the subject tugs and/or any party.

3.

Any surveillance photographs, movies or videos made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

6.

Each and every document comprising the file (including but not limited to any a reports) made by any person you expect to call as an expert witness at the trial of this case.

7.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any written or recorded statement inquired about in Plaintiff's First Interrogatories propounded to you.

9.

All statements previously made by Plaintiff concerning the subject matter of this action.

10.

All documents that discuss, review, explain, outline, and/or define Defendant's

procedure(s) for reporting, taking and/or filing incident reports, <u>effective on</u> the date of this incident as alleged in the Complaint.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, <u>effective after</u> the date of this incident as alleged in the Complaint.

12.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective on the date of this incident as alleged in the Complaint related to the operation of tugs.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after the date of this incident as alleged in the Complaint related to the operation of tugs.

14.

A fully legible copy of the incident report completed by you and regarding Plaintiff's injury on the date of this incident as alleged in the Complaint.

15.

The complete, un-redacted personnel, employment, training, disciplinary and other files for John Doe 1, the employee involved in the incident.

16.

Copies of all letters, documents, reports, and emails concerning any tugs, carts or ground equipment that were damaged on the date of the accident referenced in the complaint, including,

but not limited to, tug number 10352 and cart number 10353, along with any information concerning any persons operating said equipment.

17.

Copies of any and all of your employee timesheets, reports, invoices, and emails concerning the involved employee working on the date of the incident as alleged in the Complaint.

18

A copy of all witness and employee statements gathered in conjunction with the incident alleged in the Complaint.

19.

Any items that may be pertinent to Plaintiff's Interrogatories.

This 2nd day of December, 2019.

        **MORGAN & MORGAN ATLANTA, PLLC**

        */s/ Christopher J. Graddock*

        CHRISTOPHER J. GRADDOCK
        CGraddock@ForThePeople.com
        Georgia State Bar No.: 304020
        KEENAN R.S. NIX
        KNix@ForThePeople.com
        Georgia State Bar No.: 544855
        Post Office Box 57007
        Atlanta, GA 30343-1007
        404-965-8811 (Telephone)
        404-965-8812 (Fax)

        *Attorneys for Plaintiff*