UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HECTOR KERR,

    Plaintiff,

v.

SOUTHWEST AIRLINES, CO.,
JOHN DOE 1 and ABC
CORPORATION 1,

    Defendants.

CIVIL ACTION NO.
1:19-cv-05839-JPB

# ORDER

Before the Court are Defendant Southwest Airlines, Co.'s ("Southwest") motion relating to several discovery issues ("Southwest's Motion") (ECF No. 83) and Plaintiff Hector Kerr's ("Kerr") Motion to Amend the Scheduling Order ("Kerr's Motion") (ECF No. 84). Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I. BACKGROUND

The parties filed dueling motions seeking amendment of the Scheduling Order. They request an extension of the discovery period, which is set to close on March 18, 2021, as follows: (1) both parties jointly move to extend the deadline for the close of discovery to May 31, 2021, and the deadline to file dispositive

motions to June 30, 2021. (2) Southwest contends that discovery should be held open only to allow the parties to complete the deposition of (and discovery related to) Kerr's treating physician, Dr. Edwards, which finally took place after numerous unsuccessful scheduling attempts but was "abruptly terminated" before conclusion by Dr. Edwards. Southwest initially proposed that, if the discovery period is extended, the Court should also allow discovery related to Kerr's new expert, Dr. Sharan, who was disclosed on March 1, 2021, only seventeen days before the close of discovery. However, Southwest has since reversed this position due to Kerr's request to extend the discovery period to include other witnesses. Thus, Southwest's position now is that discovery should be extended only to complete the deposition of Dr. Edwards and to allow time for Southwest to marshal rebuttal evidence related to Dr. Edwards' testimony. Southwest states that an extension is necessary because Kerr provided only two dates before the discovery deadline for the rescheduled deposition of Dr. Edwards and those dates do not allow time for it to prepare rebuttal evidence or to designate a counter expert. (3) Southwest seeks to take a preservation of testimony deposition of Dr. Edwards. (4) Pursuant to Northern District of Georgia Civil Rule 26.2(C), Southwest moves to exclude the testimony of Dr. Sharan, whether or not the Court extends the discovery period, on the basis of late disclosure. Southwest argues that exclusion is appropriate because

Kerr maintained throughout the discovery period (more than one year), including in his various discovery responses, that Dr. Edwards would be the only testifying expert in the case and disclosed Dr. Sharan for the first time less than three weeks before the close of discovery. Southwest also points out that Dr. Sharan's expert report was completed on February 22, 2021, so Kerr could have disclosed him sooner than March 1. Kerr did not respond to any of these arguments. (5) Kerr contends that he needs additional time to discover the identity of the Southwest employee who allegedly caused his accident. He claims that Southwest produced the list of its drivers who were on duty at the time of the accident on March 5, 2021, a mere thirteen days before the close of discovery. Southwest counters that the list was not required by any discovery response, and it produced email correspondence showing that the list was provided to Kerr earlier—on February 5, 2021. Southwest updated the list with only a Bates number on March 5, 2021. Southwest also asserts that Kerr did not contact Southwest after February 5, or even after March 5, to request interviews of the identified drivers or otherwise conduct discovery regarding them. Kerr is only now claiming that these potential witnesses are "critical" to his case.

This is the parties' fourth request for an extension of the discovery and dispositive motion deadlines. The Court's last order granting in part and denying

in part the third request for an extension stated that "[f]uture extensions are unlikely."

## II. DISCUSSION

"The Federal Rules of Civil Procedure grant the Court discretion to alter the normal discovery schedule for the convenience of parties[] and witnesses[] and in the interests of justice," and "this Court's Local Rules [likewise] grant the Court similar discretion." *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1292 (N.D. Ga. 2009) (internal citations and quotations omitted). *See also Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (stating that "[m]atters pertaining to discovery are committed to the sound discretion of the district court"). However, under Rule 16(b)(4), "[a] schedule may be modified only for good cause." The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Likewise, under Local Rule 26.2(B), "extensions of time for discovery . . . will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed."

With respect to expert witness disclosures, Local Rule 26.2(C) states that

> [a]ny party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Courts have applied this rule by looking at

> 1) whether there was a complete failure to provide information about an expert witness; 2) whether the violating party communicated with opposing counsel about the need for additional information; 3) whether the late disclosure came as a surprise to opposing counsel; 4) whether a trial date has been set; and 5) whether the violating party reasonably needed additional information to produce the report.

*McMillan v. Arrow Truck Sales, Inc.*, No. 1:17-CV-2653-SCJ, 2019 WL 2137466, at *3 (N.D. Ga. Mar. 12, 2019) (citing *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363–64 (11th Cir. 2008)).  Absent a showing that the failure to comply was "justified," a party "shall not be permitted to offer the testimony of the . . . expert."  N.D. Ga. Civ. R. 26.2(C).

Here, the Court finds that the multiple cancellations of Dr. Edward's deposition and the premature termination of same when it finally occurred appear to have been out of the parties' control.  Given that Dr. Edwards' deposition was last noticed on December 15, 2020, to occur on February 10, 2021, which was approximately five weeks before the close of discovery, the Court will extend

5

discovery for a period of five weeks to allow the parties to complete the deposition of Dr. Edwards. This extension will also allow Southwest to offer rebuttal evidence. All such discovery must be concluded by April 23, 2021.

This deadline does not apply to trial depositions (*i.e.*, evidence preservation depositions). The parties may propose trial deposition deadlines when they submit their proposed Pretrial Order.

In light of the extension of the discovery period, the deadline to file dispositive motions is extended to May 24, 2021.

The Court finds that good cause does not exist to allow any other discovery during the extension. After three previous extensions, discovery has been ongoing for more than one year. The Court is not persuaded that Kerr was diligent in pursuing discovery related to the Southwest drivers, who he now claims are "critical" to his case. The record shows that Southwest produced the list of drivers on February 5, and Kerr made no effort to conduct discovery regarding these potential witnesses.

Additionally, Kerr is precluded from offering Dr. Sharan as a witness in this case due to Kerr's late disclosure of Dr. Sharan. As an initial matter, Kerr did not respond or otherwise object to Southwest's arguments to exclude Dr. Sharan. Therefore, the Court finds that Southwest's request is unopposed. *See Jones v.*

*Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned"); *In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it).

Moreover, the Court finds that designating Dr. Sharan less than two weeks before the close of discovery is not "sufficiently early in the discovery period to permit [Southwest] the opportunity to depose [him]." N.D. Ga. Civ. Rule 26.2(C). Nor is it "sufficiently in advance of the close of discovery so that a similar discovery deposition of [a potential counter witness] might also be conducted prior to the close of discovery." *Id*. A consideration of the factors set forth in *McMillan* similarly demonstrates that Kerr's delay was not justified. The Court therefore finds it is appropriate to exclude Dr. Sharan's testimony.

In sum, Southwest's Motion (ECF No. 83) and Kerr's Motion (ECF No. 84) are **GRANTED** in part and **DENIED** in part as follows:

- The discovery period is extended through April 23, 2021. This extension is for the limited purpose of completing the deposition of Dr. Edwards and allowing Southwest to offer rebuttal evidence, including the designation of a counter expert. All discovery relating to Dr. Edwards or

any counter expert Southwest designates must be concluded within the extended discovery period.

- The parties may propose trial deposition deadlines in their proposed Pretrial Order.

- The deadline for dispositive motions is extended to May 24, 2021.

- Kerr is precluded from offering Dr. Sharan as a witness in this case.

**SO ORDERED** this 15th day of March, 2021.

J. P. BOULEE
United States District Judge